OPINION
Appellant the State of Ohio appeals the judgment of the Richland County Common Pleas Court dismissing an indictment charging appellee Randy Reaves with aggravated robbery:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT DISMISSED THE AGGRAVATED ROBBERY COUNT IN THE INDICTMENT ON DOUBLE JEOPARDY GROUNDS.
Appellee cross appeals, claiming the court erred in failing to dismiss the charge of felonious assault:
ASSIGNMENT OF ERROR OF THE CROSS APPELLANT
 THE TRIAL COURT ERRED IN FAILING TO DISMISS THE FELONIOUS ASSAULT COUNT OF THE INDICTMENT ON THE BASIS OF DOUBLE JEOPARDY.
In October of 1997, appellee pled guilty to aggravated possession of drugs. Appellee was sentenced to eight months incarceration. After serving his eight month sentence, appellee was placed on post-release control with the Ohio Adult Parole Authority.
On November 29, 1999, appellee was charged with three separate violations of his post-release control. The first alleged violation was a conviction of disorderly conduct in the Mansfield Municipal Court. Appellee pled guilty to this count of his post-release control violation. The second alleged violation of his post-release control was a conviction in the Mansfield Municipal Court of operating a motor vehicle without a valid driver's license. Appellee pled guilty to this count of his post-release control violation. Finally, count three of appellee's post-release control violation stated that on September 5, 1999, appellee did by force, rob personal belongings from Roger Evans. Following a hearing, appellee was found guilty of this post-release control violation. He was ordered to serve a term of imprisonment of 122 days for this violation.
At the time of the post-release control hearing, appellee was under indictment by the Richland County Grand Jury for the aggravated robbery of Roger Evans. This indictment was subsequently dismissed, and the Grand Jury re-indicted appellee with the same charge of aggravated robbery, and an additional count of felonious assault. Appellee filed a motion to dismiss the indictment, arguing that because he was sentenced to 122 days incarceration after being found guilty of violation of his post-release control for the aggravated robbery of Roger Evans, the indictment must be dismissed on the basis of double jeopardy.
The Richland County Common Pleas Court found that the indictment for aggravated robbery must be dismissed on double jeopardy grounds, as appellee had already been sentenced for violation of his post-release control regarding this same conduct. However, the court concluded that the charge of felonious assault did not violate double jeopardy.
 I
We first address the State's claim that the court erred in dismissing the charge of aggravated robbery on the basis of double jeopardy.
In Woods v. Telb (2000), 89 Ohio St.3d 504, the Ohio Supreme Court concluded that the post-release control statute does not violate procedural or substantive due process, and does not violate the separation of powers doctrine. In making this determination, the court stated that post-release control is part of the original judicially imposed sentence.Id. at 512. The post-release control sanctions are aimed at behavior modification in the attempt to re-integrate the offender safely into the community, and not as punishment for an additional crime. Id. The Court further held that the terms of post release control are the part of the actual sentence, unlike bad-time, where a crime committed while incarcerated results in an additional sentence. Id.
From this language, this court has concluded that the Supreme Court would find no violation of double jeopardy. State v. Hopkins (November 27, 2000), Stark Appellate No. 2000CA0053 and 2000CA0054, unreported. Although we recognized that the language in Woods was dicta, we found such language to be a clear indication of the Supreme Court's position, and found the post-release control statute was not unconstitutional as a violation of double jeopardy. Id.
On the authority of Hopkins, we find that the court erred in concluding that the indictment for aggravated robbery violated double jeopardy. The State's assignment of error on appeal is sustained.
 Cross-Appeal
Appellee argues that the court should have dismissed the indictment for felonious assault on the basis of double jeopardy, for the same reasons the court dismissed the indictment for aggravated robbery. As we have reversed the dismissal of the indictment for aggravated robbery, finding such indictment did not violate double jeopardy, the court did not err in failing to dismiss the indictment for felonious assault. Appellee's assignment of error on cross appeal is overruled.
The judgment of the Richland County Common Pleas Court dismissing the indictment for aggravated robbery is vacated. The indictment is reinstated, and this cause is remanded to that court for trial.
Milligan V.J., Hoffman, J., and Edwards, J., concur
 JUDGMENT ENTRY
CASE NO. 00-CA-42
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Common Pleas Court dismissing the indictment for aggravated robbery is vacated. The indictment is reinstated, and this cause is remanded to that court for trial.